OSCN Found Document:STATE OF OKLAHOMA ex rel OBA v. LOVELL

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE OF OKLAHOMA ex rel OBA v. LOVELL
2025 OK 67
Case Number: SCBD-7962
Decided: 10/06/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 67, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
BRIAN NOEL LOVELL, Respondent.

ORDER APPROVING RESIGNATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is (1) the affidavit of Brian Noel Lovell ("Respondent") filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S.2021, ch. 1, app. 1-A, requesting that this Court allow him to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law, and (2) Oklahoma Bar Association's ("Complainant") Application for Order Approving Resignation Pending Disciplinary Proceedings.

¶2 Respondent was admitted to the Oklahoma Bar Association on September 25, 1991. Respondent executed an affidavit of resignation pending disciplinary proceedings on September 16, 2025, which Complainant filed with this Court on September 24, 2025. Respondent's affidavit reflects that (a) he freely and voluntarily rendered his resignation; (b) he was not subject to coercion or duress; and (c) he was fully aware of the consequences of submitting his resignation to Complainant.

¶3 Respondent is aware his resignation is subject to the approval of this Court, and he intends it to be effective from the date of its execution.

¶4 Respondent's affidavit provides:

(a) He acknowledges the Office of the General Counsel for the Oklahoma Bar Association is investigating the following charges against Respondent:

i. State of Oklahoma v. Brian Lovell, Garfield County, Oklahoma, Case No. CF-2024-11: On September 12, 2025, Respondent entered a guilty plea to the felony crime of Using a Vehicle to Facilitate the Discharge of a Firearm in violation of 21 O.S. § 652

ii. State of Texas v. Brian Noel Lovell, 167th Judicial District, Travis County, Texas, D-1-DC-23-207003: On September 12, 2023, Respondent was charged with the third-degree felony crime of Deadly Conduct Discharge Firearm in Travis County, Texas. This matter remains pending.

iii. State of Texas v. Brian Noel Lovell, County Court at Law No. 9, Travis County, Texas, C-1-CR-23-208793: On September 12, 2023, Respondent was charged with the misdemeanor crime of Misdemeanor Reckless Driving. This matter remains pending.

(b) He understands that if the allegations set forth in paragraph 4(a)(i)-(iii) are proven, his conduct would constitute violations of Rule 8.4(b) of the Oklahoma Rules of Professional Conduct ("ORPC"), 5 O.S.2025, ch. 1, app. 3-A, Rule 1.3, RGDP, and his oath as an attorney. Respondent waives his right to contest these allegations before this Court.

(c) He recognizes that he may be reinstated to practice law only upon full compliance with the conditions and procedures prescribed by RGDP 11, and that he may make no application for reinstatement to the practice of law prior to the expiration of five (5) years from the effective date of the Order approving his Resignation Pending Disciplinary Proceedings. He is familiar with and agrees to comply with Rule 9.1, RGDP, within twenty (20) days following the date of his resignation.

(d) He acknowledges that the Client Security Fund may receive claims from his former clients and agrees that should the Oklahoma Bar Association approve and pay such claims, he will reimburse the Client Security Fund for the principal amounts and the statutory interest before filing any application for reinstatement to the practice of law.

(e) He agrees to cooperate with the Office of the General Counsel in identifying any active client cases wherein documents and files need to be returned to the client or forwarded to new counsel, and cases where he owes fees or refunds to clients.

(f) He acknowledges that the Oklahoma Bar Association has not incurred costs in its investigation of these matters.

(g) He affirms he will tender his Oklahoma Bar Association membership card to the Office of the General Counsel or destroy it.

¶5 The effective date of Respondent's resignation is October 6, 2025.

¶6 This Court finds Respondent's resignation pending disciplinary proceedings is in compliance with all requirements set forth in Rule 8.1, RGDP, and is accepted.

¶7 Respondent's OBA number is 14631, and his official roster address is PO Box 277, Waukomis, Oklahoma 73773.

¶8 IT IS ORDERED that Complainant's Application for Order Approving Resignation Pending Disciplinary Proceedings is approved.

¶9 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys, and that he makes no application for reinstatement to membership in the Oklahoma Bar Association before the expiration of five (5) years from the effective date of this order.

¶10 IT IS FURTHER ORDERED that Respondent comply with Rule 9.1, RGDP, and return all client files and refund unearned fees.

¶11 IT IS FURTHER ORDERED that as a condition of reinstatement, Respondent shall reimburse the Client Security Fund for any monies expended because of his malfeasance or nonfeasance.

¶12 IT IS FURTHER ORDERED that Complainant has not sought reimbursement of costs associated with its investigation of this matter, and therefore, no reimbursement is ordered.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 6th DAY OF OCTOBER, 2025.

/s/_________________________________________
CHIEF JUSTICE

ALL JUSTICES CONCUR

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105